UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN LEE YOUNG,

                                             Plaintiff,

                    v.

ANDREW M. SAUL,[1] Commissioner of
   Social Security,

                                             Defendant.
_____

                                                                          **DECISION
                                                                              and
                                                                            ORDER**

                                                                          **19-CV-331F**
                                                                          (**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER
                      Attorneys for Plaintiff
                      KENNETH R. HILLER, and
                      MARY ELLEN GILL, of Counsel
                      6000 North Bailey Avenue
                      Suite 1A
                      Amherst, New York  14226

                      JAMES P. KENNEDY, JR.
                      UNITED STATES ATTORNEY
                      Attorney for Defendant
                      Federal Centre
                      138 Delaware Avenue
                      Buffalo, New York  14202
                                and
                      HEATHER SERTIAL
                      Special Assistant United States Attorney, of Counsel
                      Social Security Administration
                      Office of General Counsel
                      26 Federal Plaza, Room 3904
                      New York, New York  10278

_____

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

and
FRANCIS D. TANKARD, and
ANNE M. ZEIGLER
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri  64106

## JURISDICTION

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 14).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on August 13, 2019 (Dkt. 7), and by Defendant on November 14, 2019 (Dkt. 12).

## BACKGROUND

Plaintiff Kevin Lee Young ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed on March 10, 2015 with the Social Security Administration ("SSA"), for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he became disabled on March 23, 2013, based on chronic hepatitis C, third stage liver disease, scarring, severe depression, and diabetes.  AR[2] at 149, 151, 172.  Plaintiff's application initially was denied on June 12, 2015, AR at 65-81, and at Plaintiff's timely request, AR at 85-87, on June 28, 2017, a hearing was held in

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on June 15, 2019 (Dkt. 6).

Jamestown, New York via video conference before administrative law judge Anthony

Dziepak ("the ALJ"), located in Lawrence, Massachusetts.  AR at 31-64 ("administrative

hearing").  Plaintiff, represented by his attorney, Galena Duba-Weaver, Esq., appeared

and testified at the administrative hearing at which vocational expert Ruth Baruch ("the

VE"), also appeared, but did not testify.  During the hearing, Plaintiff amended his

alleged disability onset date to February 12, 2016.  AR at 36.

On September 21, 2017, the ALJ issued a decision denying Plaintiff's claim, AR

at 11-28 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR

at 145-48.  On January 14, 2019, the Appeals Council denied Plaintiff's request for

review, AR at 3-8, rendering the ALJ's Decision the Commissioner's final.  On March

13, 2019, Plaintiff commenced the instant action in this court seeking judicial review of

the ALJ's Decision.

On August 13, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 7)

("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion

for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum").  On November 14,

2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"),

attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social

Security Cases (Dkt. 12-1) ("Defendant's Memorandum").  Filed on December 5, 2019

was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 13) ("Plaintiff's

Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is

GRANTED.

**FACTS**[3]

Plaintiff Kevin Lee Young ("Plaintiff" or "Young"), born February 13, 1961, was 54 years old as of February 12, 2016 his amended alleged disability onset date ("DOD"), and 56 years old as of September 26, 2017, the date of the ALJ's Decision. AR at 23, 36, 149, 161. As of the administrative hearing, Plaintiff was divorced with two grown children, and lived in an apartment with his elderly mother. AR at 40-41, 53, 57, 171, 182. Plaintiff completed the 9th grade in high school where he was in regular classes, has not obtained a graduate equivalency diploma ("GED"), and is vocationally trained as a welder. AR at 171. Plaintiff has not had a driver's license since it was suspended after Plaintiff was convicted for driving while intoxicated and was incarcerated. AR at Plaintiff relies on others, including his mother, for rides or walks, but can go out on his own. AR at 185-86. Plaintiff's work history includes positions as a welder, although Plaintiff has not worked since he was released from prison in 2011.[4] AR at 41-42, 58-59.

It is undisputed that Plaintiff has a history of alcohol and drug abuse, to which Plaintiff attributes contracting Hepatitis C, first diagnosed in 2005 but not treated until 2015 resulting in liver disease. AR at 42-43. Plaintiff maintains his Hepatitis C and liver disease interferes with his ability to work because he is always fatigued and often nauseous. AR at 42-46, 187-88. Plaintiff also attributes his inability to find work to his health concerns. AR at 58-59. Plaintiff was first diagnosed with depression in 2004 while in prison where he received counseling, but has not been able to schedule

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[4] The record does not show any earnings for Plaintiff after 2001. AR at 157, 164, 173.

counseling since being released because of a lack of transportation.  AR at 49-50, 54-56.

Plaintiff helps his mother with cleaning, cooking, doing dishes, and mowing the lawn, AR at 41, 45, 184-85, and grocery shopping, AR at 48, although Plaintiff must often rest after exertion.  AR at 47-48.  Plaintiff can tend to his own personal care, but needs reminders to take medications.  AR at 183-84.  Plaintiff has no difficulties handling his own funds.  AR at 186.  Plaintiff spends his days watching television and talking on the telephone.  AR at 186-87.

Plaintiff obtains primary medical care from Matthew D. Wehr, M.D. ("Dr. Wehr") at Westfield Family Physicians, AR at 313-38, 369-416, 419-54, 462-72, and is followed for his Hepatitis C by James Campion, M.D. ("Dr. Campion") at Jamestown Area Medical Associates – GLPP.  AR at 291-312, 339-57, 397-99.  In connection with his disability benefits application, on May 20, 2015, Plaintiff underwent a consultative internal medicine examination by Michael Rosenberg, M.D. ("Dr. Rosenberg"), AR at 359-62, and a consultative psychiatric evaluation by psychologist Susan Santarpia, Ph.D. ("Dr. Santarpia"), AR at 363-67, and on May 12, 2017, SSA medical consultant B. Cochran, M.D. ("Dr. Cochran"), evaluated Plaintiff's medical records and concluded Plaintiff's conditions were non-severe.  AR at 418.

## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful

work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Defendant bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 12, 2016, his amended alleged disability onset date, *id.* at 16, and at step two found Plaintiff suffers from medically determinable but non-severe impairments of gastroesophageal reflux disease ("GERD"), hyperlipidemia, diabetes, obesity, affective disorder, Hepatitis C, atherosclerosis of aorta, fatty liver disease, benign neoplasm of skin, and bilateral hand tremors, *id.* at 16-17, but that Plaintiff's alleged left hearing complaints and respiratory complaints are not supported by any physiological or anatomical abnormalities and, as such, are not medically determinable impairments, *id.* at 17, and that Plaintiff does not have any impairment or combination of impairments that significantly limited Plaintiff's ability to perform basic work-related activities for 12 consecutive months such that Plaintiff does not have a severe impairment or combination of impairments as defined by 20 C.F.R. § 416.921 *et seq.* *Id.* at 17-23. Accordingly, the ALJ did not proceed to consider the third, fourth, and fifth

steps of the five-step sequential analysis but determined Plaintiff is not disabled as defined under the Act.  *Id.* at 23.

Plaintiff argues the ALJ erred by denying Plaintiff's claim at step two and not proceeding with the remaining three steps particularly because, given Plaintiff's age as of his amended alleged DOD, *i.e.*, 55, limited education, and lack of transferrable skills, if the ALJ found Plaintiff had any severe impairments which, by definition, would restrict Plaintiff's ability to perform work-related activities, application of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the Grids"), would direct a finding of disabled, Plaintiff's Memorandum at 8-9, and Dr. Santarpia, Dr. Rosenberg, and Dr. Wehr, after examining Plaintiff, imposed restrictions.  *Id.* at 9-15.  Defendant does not dispute that a finding of any severe impairment will necessarily result in some diminishment of Plaintiff's functional capacity which, in accordance with the Grids, directs a finding of disabled, but argues substantial evidence in the record supports the ALJ's step two determination that Plaintiff does not have a severe impairment. Defendant's Memorandum at 14-18.  In reply, Plaintiff argues the ALJ improperly relied on boilerplate statements in the relevant opinions in determining Plaintiff does not have a severe impairment.  Plaintiff's Reply at 1-4.

In the instant case, the ALJ stopped at step two of the disability analysis, *i.e.*, requiring the ALJ determine whether the claimant has a medically determinable impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c).  "Step two addresses two distinct questions.  First, an ALJ must determine whether an impairment satisfies the durational requirement. . . .

Second, an ALJ must determine whether an impairment limits a claimant's ability to do basic work activities." *Thomas v. Berryhill*, 2017 WL 4053819, at *4 (W.D.N.Y. Sept. 13, 2017) (citation omitted).

Specifically, a medically determinable impairment is one that "result[s] from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. "The plaintiff bears the burden of establishing that he has a medically determinable impairment, which 'can be shown by medically acceptable clinical and laboratory diagnostic techniques[ ]' from an 'acceptable medical source.'" *Lorusso v. Saul*, 2020 WL 813595, at *9 (D. Conn. Feb. 19, 2020). If a claimant demonstrates the existence of a medically determinable impairment, he then "bears the burden of presenting evidence establishing severity." *Taylor v. Astrue*, 32 F.Supp.3d 253, 265 (N.D.N.Y. 2012), *report and recommendation adopted*, 32 F.Supp.3d 253 (N.D.N.Y. 2012). The "severity" requirement at step two is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Nevertheless, despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor*, 32 F.Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Instead, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to perform work-related functions.'" *Windom v. Berryhill*, 2018 WL 4960491, at *3 (W.D.N.Y. Oct. 14, 2018) (bracketed material in original) (quoting *Donahue v. Colvin*, 2018 WL 2354986, at *5

(W.D.N.Y. May 24, 2018)).  Further, "to be deemed severe at step two, an impairment

must significantly limit the ability to perform basic work activities for the durational

requirement of at least twelve months."  *Hall v. Comm'r of Soc. Sec.*, 2020 WL 2950840,

at *3 (W.D.N.Y. June 3, 2020) (citing 20 C.F.R. § 404.1509).

> As defined in the regulations, basic work activities include
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 416.922(b).

Here, the ALJ's determination that Plaintiff's medically determinable impairments do not

significantly limit his ability to perform basic work activities is supported by substantial

evidence in the record.

In particular, with regard to Plaintiff's argument, Plaintiff's Memorandum at 9-10,

the ALJ erred in ignoring Dr. Santarpia's finding that "a mild-to-moderate impairment is

demonstrated in performing complex tasks independently," AR at 366, Plaintiff's basic

work activities are limited to "understanding, carrying out, and remembering simple

instructions."  SSR 85-28, 1985 WL 56856, at * 3.  Significantly, Dr. Santarpia also

found Plaintiff is "able to follow and understand simple directions and instructions,

perform simple tasks independently, maintain attention and concentration, maintain a

regular schedule, learn new tasks, make appropriate decisions, relate adequately to

others, and appropriately deal with stress within normal limits."  AR at 366.  "'[T]he

opinion of a treating physician is not binding if it is contradicted by substantial evidence,

and the report of a consultative physician may constitute such evidence,'" *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)), and the report of a consultative psychologist also may constitute substantial evidence.  *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011).  Accordingly, the ALJ's determination that Plaintiff's mental impairment did not significantly limit Plaintiff's ability to perform basic work activities is supported by substantial evidence in the record.

In diagnosing Plaintiff with "bilateral hand tremors," Dr. Rosenberg opined such impairment posed "mild restriction for activities that require fine manipulation of the hands . . . ."  AR at 362.  Accordingly, Dr. Rosenberg did not assess Plaintiff with a "significant limitation" in performing any basic work activities based on bilateral hand tremors.

Although on a Liver Disease Medical Assessment Form completed on July 14, 2017, Plaintiff's treating physician, Dr. Wehr, checked boxes indicating Plaintiff has some lifting and carrying restrictions, specifically, that Plaintiff can only occasionally lift and carry 20 lbs. and 50 lbs., and can frequently lift and carry up to 10 lbs., AR at 469-70, the record is devoid of any other evidence that Plaintiff is limited in his ability to lift and carry.  To the contrary, other than the bilateral hand tremors, Dr. Rosenberg's May 20, 2015 consultative physical examination of Plaintiff was completely unremarkable, including with regard to general appearance, gait, station, musculoskeletal, neurological, and extremities.  *Id*.  Moreover, although the use of "check-the-box" forms generally "are not, as a legal matter, considered any less reliable than any other type of form," *Czerniak v. Berryhill*, 2018 WL 3383410, at * 3 (W.D.N.Y. July 11, 2018), the ALJ

observed that Dr. Wehr's medical records are devoid of any evidence supporting this finding, and that at a June 16, 2017 visit, Plaintiff declined to participate in a tolerance examination (measuring physical exertion) Dr. Wehr presented regarding Plaintiff's ability to perform activities in a competitive work situation.  AR at 20-21 (citing AR at 466-69).  Significantly, under the "treating physician rule," for disability benefits claims filed, like the instant claim, prior to March 27, 2017, an opinion from a treating medical source is entitled to controlling weight so long as the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record...."  20 C.F.R. § 416.927(c)(2) (bracketed material added).  *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. Appx. 34, 35 (2d Cir. 2017) (treating physician's opinion generally entitled to controlling weight when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with other substantial evidence in the case record.") (citations omitted).  Because Dr. Wehr's finding that Plaintiff is limited in the basic work activities of lifting and carrying is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. . . ."  20 C.F.R. § 416.927(c)(2), the ALJ did not violate the treating physician's rule in rejecting it.

Finally, the court addresses that Plaintiff's amending his DOD to February 12, 2016, the day before his 55th birthday, could be critical to determining whether Plaintiff is disabled in accordance with the Grids because upon turning 55, Plaintiff's age category for purposes of the Act changed from "closely approaching advanced age," 20 C.F.R. §

416.963(d) (ages 50-54), to "advanced age," 20 C.F.R. § 416.963(e) (age 55 and older).

Significantly, at age 55, if Plaintiff cannot perform the full range of heavy work,[6] in light

of Plaintiff's advanced age, limited education, and lack of transferable skills, the ALJ

would be required to obtain testimony from the VE regarding whether work that Plaintiff,

given his RFC, can perform exists in significant numbers in the national economy.  A

determination based on the Grids, however, is relevant only to a claimant's RFC at step

four which, as discussed above, the ALJ did not reach because at step two, substantial

evidence in the record does not establish Plaintiff has any severe impairment.  *See*

*Pazik v. Comm'r of Soc. Sec.*, 2020 WL 5511306, at * (W.D.N.Y. Sept. 14, 2020) (step

four need not be considered where ALJ correctly determined at step two the claimant

was not disabled).

  Accordingly, the ALJ's determination at step two that Plaintiff does not have a

severe impairment is supported by substantial evidence in the record and Plaintiff's

argument based on Plaintiff's amended DOD fails for the same reason.

## **CONCLUSION**

  Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion

(Dkt. 12) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

          /s/ *Leslie G. Foschio*

       _____
         LESLIE G. FOSCHIO
       UNITED STATES MAGISTRATE JUDGE

DATED:  September 30th, 2020
      Buffalo, New York

---

[6] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.  If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work."  20 C.F.R. § 404.1567(d).